FILED

NOT FOR PUBLICATION

JAN 11 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


FOR THE NINTH CIRCUIT

BITA TRADING, INC.,

          Plaintiff-Appellant,

  v.

NATIONWIDE MUTUAL INSURANCE
COMPANY and ALLIED INSURANCE,

          Defendants-Appellees.

No.   15-55371

D.C. No.
3:13-cv-01548-JM-WVG

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted December 9, 2016[**]
Pasadena, California

Before: CALLAHAN, BEA, and IKUTA, Circuit Judges.

Bita Trading, Inc. ("Bita") appeals the district court's grant of summary

judgment for Nationwide Mutual Insurance Company ("Nationwide"). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The only named insured on the policy Nationwide issued to Sorrento Mesa Hand Car Wash & Spa, Inc. ("Sorrento") was Sorrento. Pursuant to the *liability form's* provisions for automatic additional insureds, however, Nationwide issued the Change of Declarations Endorsement recognizing Bita as an "additional insured" under the Sorrento Policy. This Change of Declarations Endorsement contains the phrase "added form number PBAI02," making clear that Bita was added as an "additional insured" on the basis of that form. Form PBAI02, the "Acknowledgment of Additional Insured Status Managers or Lessors of Leased Premises" form (the "Acknowledgment"), expressly restricts Bita's coverage as an additional insured to "[l]iability [c]overage." Because the Change of Declarations Endorsement received by Bita explicitly referenced form PBAI02 (the Acknowledgment), which expressly limited Bita's coverage as an automatic additional insured to only third-party liability coverage, the policy issued to Sorrento did not provide first-party property damage coverage to Bita.

The policy, Acknowledgment, and Change of Declarations Endorsement are not ambiguous, but rather make clear that the policy issued to Sorrento extended coverage to Bita as an automatic additional insured only for liability, not property damage. "If contractual language is clear and explicit, it governs." *Bank of the W. v. Superior Court,* 2 Cal. 4th 1254, 1264 (1992); s*ee also* Cal. Civ. Code § 1638

2

("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity."). As such, there is no need to turn to Bita's reasonable expectations in analyzing the scope of coverage.

**AFFIRMED.**